UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

Case No. 15-21114 – MER, Chapter 7
Judge: Michael E. Romero

In Re:

Jeromey RJ Cardona, aka
Jerome R.J. Cardona

Social Security No:
XXX-XX-1130

..................................................................................................................

| | | |
|---|---|---|
| Laramie Plains Federal Credit Union, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 15-21114-MER |
| | ) | |
| Jeromey RJ Cardona, aka | ) | |
| Jerome R.J. Cardona | ) | |
| | ) | |
| Respondent. | ) | |

## MOTION TO COMPEL SURRENDER OF COLLATERAL

COMES NOW, Laramie Plains Federal Credit Union ("Movant"), by and through its attorney, Megan Overmann Goetz of Pence and MacMillan LLC hereby moves the Court for an order compelling Respondent to surrender collateral to Movant. In support of its motion, Movant respectfully states:

1. Jeromey RJ Cardona aka Jerome R.J. Cardona (hereinafter "Respondent") filed a voluntary petition for bankruptcy protection under chapter 7 of the United States Bankruptcy Code on October 2, 2015.

2. Upon initial filing of the petition, bankruptcy estate included personal property more particularly described as a 2009 Thunder Mountain Spitfire motorcycle (hereafter the "Motorcycle"), VIN# 1T9C1SF669F717279. This personal property was later surrendered by Respondent as further described herein.

3. Movant is a secured creditor of the Motorcycle. On September 8, 2014, Respondent Cardona executed a Retail Installment Sale Contract with Movant in the total amount of $15,733.18 for the purchase of the 2009 Thunder Mountain Spitfire motorcycle, VIN# 1T9C1SF669F717279. Movant secured its interest in the Motorcycle by noting its lien on the title to said motorcycle. The Retail Installment Sales Contract and title are attached hereto and incorporated herein by reference as Exhibit 1 and Exhibit 2.

4. The Retail Installment Sales Contract required Respondent to pay to Movant the amount of $459.25 on a monthly basis. Said amount includes principle and interest. Respondent defaulted on his monthly payments to Movant under the terms of the Retail Installment Sales Contract. Respondent's last payment to Movant for the Motorcycle was in April 2015. Respondent was 6 months in arrears on his payments prior to filing his petition for bankruptcy. An Account History of Respondent's payments in attached hereto as Exhibit 3.

5. On Schedule B, Respondent reported a current value for the Motorcycle at $19,000.00. Movant believes the current value of Motorcycle as represented by Respondent is high. On August 7, 2014, the sales manager for Thunder Mountain Harley Davidson estimated the value of the Motorcycle at issue in this matter at $17,900.00. See Exhibit 4 attached hereto and incorporated herein by reference. The Motorcycle has likely decreased in value as to the present day simply due to increased mileage if nothing else.

6. On Schedule D, Respondent reported Movant's security interest in the Thunder Mountain motorcycle in the amount of $15,721.00. Movant secured claim exceeds that amount reported by Respondent. On October 2, 2015, the date Respondent filed his Chapter 7 Petition, the amount owed to Movant was $17,165.70. See Exhibit 5.

7. Pursuant to the Respondent's Statement of Intention, he surrendered the Motorcycle and has claimed the Motorcycle as exempt. On Schedule C, Respondent claimed a portion of the Motorcycle as exempt. That amount claimed as exempt is $3,279.00.[1]

8. On November 6, 2015, at Respondent's 341 Meeting of Creditors, Respondent confirmed his intention to surrender the Motorcycle. Bankruptcy Trustee Hepner directed Respondent and Respondent's attorney to work with Movant's counsel to surrender the Motorcycle to Movant. However, since that time, Respondent has been evasive and uncooperative with Movant. Respondent has taken no affirmative action to assist in physically delivering the property to Movant and Respondent has impeded Movant's efforts to take possession of its collateral.

9. On January 11, 2016, an Order of Discharge was entered.

10. The Bankruptcy Code provides that if an individual debtor's schedule of assets and liabilities include debts which are secured by property of the estate, that debtor shall:

> (A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, file with the clerk a statement of his intention with respect to the retention or

---

[1] The amount the Respondent claims is exempt is the difference between the value assigned to the Thunder Mountain motorcycle by Respondent and the amount the Respondent believes is due to Movant, i.e. $19,000 minus $15,721. Movant disputes these valuations; however, acknowledges that in the event equity exists in the Thunder Mountain motorcycle that such equity would be exempt up to the maximum amount allowed under Colorado Statute 13-54-102(1)(j)(I).

surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property; and

(B) within 30 days after the first date set for the meeting of creditors under section 341(a), or within such additional time as the court, for cause, within such 30–day period fixes, perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph; except that nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title, except as provided in section 362(h).

11 U.S.C. § 521.

11. Respondent complied with 11 U.S.C. 521(a)(2)(A) in that Respondent stated his intention to surrender the Motorcycle. Respondent has violated 11 U.S.C. 521 (a)(2)(B) in that he refuses to perform his intention to surrender the Motorcycle pursuant to the Bankruptcy Code and the directive of the Trustee at the 341 meeting to do so.

12. If a debtor persists in their refusal to "surrender" property pursuant to 11 U.S.C. § 521(a)(2), their discharge will be in jeopardy, pursuant to 11 U.S.C. § 105. *In re Failia,* 529 B.R. 786, 793 ( S.D. Florida 2014). The debtors' refusal to surrender [property] could be considered not only a fraud on the Court, but also a violation of 11 U.S.C. § 521 (a)(2)(B). *Id.*

13. This Court has entered an order granting Respondent a discharge under 11 U.S.C. § 727. However, Respondent has failed to comply with his duties as required under the Bankruptcy Code. Respondent has continually failed to surrender the Motorcycle to Movant. He continues to possess property which was otherwise surrendered in the bankruptcy action and should not benefit from the protection of the bankruptcy laws while perpetrating this fraud upon the Court.

14. This Court has broad authority to issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title and prevent an abuse of process. 11 U.S.C. § 105.

WHEREFORE, the Movant respectfully requests the following relief from the Court:

1. Grant the Movant's Motion to Compel Surrender of the collateral to Movant; and

2. Vacate the Respondent's discharge as necessary and appropriate under the circumstances.

DATED this ____ day of February, 2016.


/s/ Megan Overmann Goetz
Megan Overmann Goetz
Pence and MacMillan LLC
501 Garfield Street
P.O. Box 1285
Laramie, Wyoming 82073
Telephone: 307-745-3626
Fax: 307-745-8669
movermann@penceandmac.com
Wyoming State Bar #6-3634
Colorado State Bar #34388
Attorney for Movant